IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jamie L. McFadden, #261106 ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Warden of Allendale ) <br> Correctional Institution, ) <br> ) <br> Respondent. ) <br> ) | Civil Action No.8:09-646-CMC-BHH <br><br> **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |

The Petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the court on the Respondent's Motion for Summary Judgment. (Dkt. # 12).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on March 11, 2009.[1] On June 25, 2009, the Respondent moved for summary judgment. By order filed June 26, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On July 29, 2009, the Petitioner filed a response opposing the Respondent's Summary Judgment Motion.

---

[1] This date reflects that the petition was date stamped as received on March 11, 2009, at the Allendale Correctional Institution mailroom. (Pet. Attach. # 2.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

## **PROCEDURAL HISTORY / FACTS**[2]

The Petitioner is currently incarcerated in the Allendale Correctional Institution ("ACI"). In June 2004, he was indicted for armed robbery, conspiracy, and possession of crack cocaine. (Return Attach. # 7 - App. 2.) The Petitioner was represented by Garryl L. Deas, Esquire. *Id.* On March 14, 2005, the Petitioner pled guilty to armed robbery and possession of crack cocaine. (App. 1-26.) The Honorable John M. Milling sentenced the Petitioner to fifteen years on each charge. (App. 26.) A motion to reconsider the sentence was denied and the Petitioner filed a timely appeal. (App. 64-65.)

On January 3, 2006, the Petitioner filed an affidavit with the appellate court requesting that his direct appeal be dismissed. (Return Attach. # 1.) On January 17, 2006, the South Carolina Court of Appeals dismissed the appeal at the request of the Petitioner and entered a remittitur. (Return Attach. # 2.)

On February 7, 2006, the Petitioner filed an application for post-conviction relief ("PCR"), raising the following grounds for relief in pertinent part, quoted verbatim:

> 1) Ineffective assistance of counsel:
>
> A. Counsel failed to take Applicant's case to trial, which in turn caused the Applicant to be forced to enter a plea negotiation with the State, where he was forced to plea to Armed Robbery and Possession of Crack Cocaine.
>
> B. Counsel's failure to represent the Applicant in a jury trial, forced the Applicant to plead guilty to poss: of crack cocaine, which was found in an ashtray of an vehicel that wasn't owned nor operated by the Applicant.
>
> C. Counsel's failure to challenge the indictment, and the grand jury proceeding, greatly prejudiced the Applicant where (1) the victim was not a witness before the grand jury, (2) the state was the sole witnesses before the grand jury, and the Applicant was greatly prejudiced due to the fact that had

---

[2]The undersigned notes that the Petitioner states in his response to the Respondent's Summary Judgment Motion, that he agrees with the Respondent's version of the procedural history. (Pet'r's Mem. Opp. Summ. J. Mot. at 1.)

counsel challenged the proceeding he could have argued the fact had the victim been called to be a witness before the grand jury, the victim would have identified to the grand jury who actually robbed him at gunpoint, to whom wasn't the Applicant.

2) The Applicant's plea was not voluntary and intelligently made without the proper aid of competent counsel, counsel to whom wasn't a friend to the state.

(App. 28-36.) On June 26, 2007, appointed counsel Patrick Killen amended the Petitioner's PCR application and raised the following grounds for relief:

1. Trial counsel failed to request a downward adjustment of sentence pursuant to the applicable statute and guidelines.

2. Trial counsel did not provide the applicant copies of documents/items received by trial counsel pursuant to Rule 5.

3. Trial counsel failed to adequately prepare for trial in that he, trial counsel, among other things, failed to make an adequate number of visits to the applicant in jail.

(App. 44.)

On March 31, 2008, an evidentiary hearing was held before the Honorable Clifton Newman. (App. 45.) The Petitioner was present and represented by attorney Patrick Killen. *Id.* On May 7, 2008, Judge Newman entered a written order of dismissal. (App. 75-80.) The Petitioner filed a timely appeal.

On appeal, the Petitioner was represented by Deputy Chief Appellate Defender of the South Carolina Commission on Indigent Defense Wanda H. Carter. On November 6, 2008, Carter filed a motion to be relieved as counsel and a *Johnson*[3] petition raising the following issue: "Trial counsel erred in failing to explain to petitioner the minimum sentence for an armed robbery charge" (Return Attach. # 3 - *Johnson* Petition at 2.) On December 16, 2008, the Petitioner filed a pro se petition raising the following grounds:

1. Did the PCR court erred where counsel failed to investigate that the possession of cocaine found in another person's

---

[3] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

> vehicle does not conclude that the defendant had actual or constructive possession of the drug as to convict that individual?
>
> 2. Did the PCR court erred where trial counsel failed to request a lesser included offense of armed robbery when the facts conclude that the defendant committed the lesser rather than the greater?
>
> 3. Did the PCR court erred where trial counsel failed to challenge the indictment and the grand jury proceedings when the victim was not a witness before the grand jury?

(Return Attach. # 4 - Pro Se Pet. for Writ of Cert.) On February 4, 2009, the South Carolina Supreme Court denied the petition. (Return Attach. # 5.) The remittitur was sent down on February 20, 2009. (Return Attach. # 6.)

In this habeas petition, the Petitioner raises the following grounds for relief, quoted verbatim:

> **Ground One:** Violation of the 6th and 14th Amendment of the Constitution. Where counsel failed to adequately investigate the facts of the defendant's case in regards to possession.
>
> **Supporting Facts:** Counsel was ineffective for failing to competently find that the possession of cocaine found in another person's vehicle does not constitute that the defendant had actual or constructive possession of the drug as to allow his client to plea guilty to possession of crack cocaine. The Applicant contended in his PCR application that the crack cocaine was found in the ashtray of a vehicle that wasnt owned or operated by him therefore, the element of possession could have been sufficiently challenged . Counsel's incompetence led his client to plea guilty to a charge that failed to prove either elements of possession.
>
> **Ground Two:** Ineffective assistance of counsel in violation of the 6th and 14th Amendment based upon the voluntary and intelligent character of the guilty plea.
>
> **Supporting Facts:** Counsel was ineffective because he was incompetent in the law where the evidence of the case demonstrates that the defendant may have committed the lesser rather than the greater offense of arm robbery based upon the elements regarding the facts. Counsel was ineffective for not requesting this charge where the facts in the case may have tend to prove. As fo the matter, counsels incompetence

4

> regarding the intelligent character of the plea as it relates to the law made his clients plea involuntary because it was solely based upon the erroneous advice of counsel. The prejudice is shown where the probability exist that a rational trier of fact could have drawn inference regarding the elements which the state had failed to prove.
>
> **Ground Three:** Violation of the 6 and 14 Amendment where counsel failed to sufficiently challenge the indictment and grand jury proceedings during the guilty plea.
>
> **Supporting Facts:** Counsel was ineffective for failing to challenge the indictment and the grand jury proceeding where the facts present that the witness did not identify the defendant as to the person who brandish the weapon. The record is silent as to whether the victim testified, as such, the record inconclusive as to the victims knowledge pertaining to the identity of the defendant as to formulate an indictment. Wherefore the defendant should not have been indicted on this issue because evidence was insufficient as to charge the defendant of armed robbery.

(Pet. 6-11.)

During the guilty plea hearing, the state gave a factual basis for the charges as follows. On June 18, 2003, with their faces covered with bandanas, the Petitioner and two others entered the Gold Rush Pawn Shop and smashed the glass in the jewelry cases, taking jewelry and cash. (Return Attach. # 7 - App. 11.) One of the perpetrators was armed with a gun and had pointed it at the owner. It was unclear which of the three had actual possession of the weapon. (App. 12.) A passerby contacted law enforcement and as the three perpetrators were about to leave the pawn shop, they saw the police pull up. They fled out the back door. The Petitioner and another were arrested within minutes of fleeing after a foot chase by the officers. *Id.* Within a half hour, the third perpetrator was found blocks away hiding under a house. (App. 12-13.) Judge Milling asked the Petitioner if this factual recitation was correct and the Petitioner confirmed that it was correct. (App. 14.)

5

At the plea hearing, plea counsel described the Petitioner's version of the events. (App. 17-19.) He stated that the Petitioner was at his grandmother's house with the co-perpetrators, Arthur Singleton and Alakeen Davis, when the Petitioner asked Singleton for a ride a local mechanics shop so that he could pay for his grandmother's car repair. (App. 17.) On their way there, Singleton told them that he was going to rob the Gold Rush Pawn Shop. (App. 18.) Plea counsel stated that initially the Petitioner was not aware of what was going to happen but before they arrived at the pawn shop, it was clear they intended to rob the pawn shop. (App. 17.) Plea counsel stated that Singleton carried the weapon and broke the jewelry glass window. (App. 18.) He stated that once they became aware of law enforcement's presence outside, they fled with law enforcement chasing them. *Id.* All three perpetrators were apprehended within a short distance from the pawn shop. *Id.* He noted that no jewelry was found on the Petitioner, but officers did find a small quantity of crack cocaine in his possession. *Id.* The Petitioner's co-perpetrators gave full confessions implicating themselves and the Petitioner in the robbery. (App. 19.) At the guilty plea, the Petitioner made a statement acknowledging that he had made a mistake, apologizing to the victim and the court, and asking the court for forgiveness and mercy. (App. 22.)

## **APPLICABLE LAW**

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is

entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

7

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

## EXHAUSTION AND PROCEDURAL BAR

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

A. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

8

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (I) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP.

9

Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007). Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and

11

actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

## **DISCUSSION**

In his habeas petition, the Petitioner sets forth three grounds for relief, each of which raises claims of ineffective assistance of plea counsel. The Respondent contends that the first two issues are procedurally barred and the third fails on the merits. The undersigned agrees.

**Ground One**

In Ground One, the Petitioner alleges his plea counsel was ineffective for failing to adequately investigate the facts regarding the possession of cocaine charge. He contends that because the cocaine was found in another person's car, he did not have actual or constructive possession. The Petitioner contends that he raised this issue in his PCR application. The respondent contends that although this issue was raised in the Petitioner's appeal of the denial of PCR, it was not raised with any specificity during the Petitioner's PCR proceedings and the PCR Court did not rule on this issue and thus it is procedurally barred from review. (Res'p't Mem. Supp. Summ. J. Mot. at 19.) The undersigned agrees that this issue is procedurally barred.

12

The respondent contends that at the PCR hearing, the Petitioner did not present any testimony or argument that the cocaine was found in an ashtray or vehicle. *Id.* At the PCR hearing, the Petitioner testified that plea counsel was ineffective for failing to argue that the Petitioner was never in possession of the cocaine. He stated, " They never got no drugs off of me the day when I was arrested. They got nothing off of me." (Return Attach. # 7 - App. 55-56.) This issue was raised by the Petitioner in his application and arguably raised at the PCR hearing. (App. 35, 55-56.) However, the PCR Court did not rule on this issue (App. 75-80), and the Petitioner did not file a Rule 59 motion seeking a ruling on this issue. Therefore these claims would not have been reviewed by the Supreme Court pursuant to *Marler v. State*, 653 S.E.2d 266 (S.C. 2007)(holding that issues must be raised to *and* ruled on by the PCR judge to be preserved for appellate review).

When a state prisoner has defaulted his claims in state court, habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. at 750   The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The Petitioner has not argued any cause or prejudice or demonstrated a fundamental miscarriage of justice.   Accordingly, this issue is procedurally barred.

In *Kornahrens v. Evatt,* 66 F.3d 1350 (4th Cir.1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *See Karsten v. Kaiser Foundation Health Plan,* 36 F.3d 8, 11 (4th Cir.1993). Therefore, once a court has determined that a claim is

procedurally barred, it should not stray into other considerations. Accordingly, as this claim is procedurally barred, it should be dismissed.

**Ground Two**

In Ground Two, the Petitioner alleges his plea counsel was ineffective for failing to request that the Petitioner be allowed to pled to a lesser included offense of armed robbery. The Respondent contends this issue is also procedurally barred because this issue was raised only in the Petitioner's PCR appeal. (Resp't's Mem. Supp. Summ. J. Mot. at 21.) The undersigned agrees that this issue is procedurally barred.

Although the Petitioner did not raise this issue in his PCR application, he arguably raised this issue at the PCR hearing. (App. 54.) Further, the Petitioner raised this issue on appeal of the denial of PCR. However, again the PCR Court did not rule on this issue (App. 75-80) and the Petitioner did not file a Rule 59 motion seeking a ruling on this issue. Therefore these claims would not have been reviewed by the Supreme Court pursuant to *Marler*, 653 S.E.2d 266 (holding that issues must be raised to *and* ruled on by the PCR judge to be preserved for appellate review). Furthermore, the Petitioner has not argued any cause or prejudice or demonstrated a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. at 750. Accordingly, this issue is also procedurally barred and should be dismissed.

**Ground Three**

In Ground Three, the Petitioner alleges his plea counsel was ineffective for failing to sufficiently challenge the indictment and grand jury proceedings. The Petitioner contends that the victim did not identify the defendant as the perpetrator who had brandished the weapon during the armed robbery. The Respondent contends that the record supports the state PCR court's holding and it is not contrary to clearly established federal law or an unreasonable determination of the facts in light of the evidence in the state court proceedings. (Resp't's Mem. Supp. Summ. J. Mot. at 22.) The undersigned agrees.

Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, i.e. "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Finally, the Court in *Strickland* held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. Review of counsel's performance is "highly deferential." *Id*. at 689. With respect to guilty plea counsel, a petitioner must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). Further, there is a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Strickland,* 466 U.S. at 689-90.

At the PCR hearing, the Petitioner testified that plea counsel could have challenged the grand jury proceedings. (App. 56.) He testified that the victim did not testify before the grand jury and the only witness was an investigator. *Id.* Plea counsel testified that he did not see anything wrong with the Grand Jury proceedings. (App. 63.)

The PCR Court found that the Petitioner's allegations of ineffective assistance of counsel were without merit. (App. 78.) The PCR Court found that the Petitioner had not established that plea counsel was deficient in his representation and performed within the reasonable professional norms. (App. 79.) Specifically, the PCR Court found that plea "counsel was not ineffective for failing to challenge the Grand Jury proceeding, because in

15

counsel's opinion, there were no discrepancies with the proceeding." (App. 79.) Further, the PCR Court found that the Petitioner had not established that, but for plea counsel's deficient performance, he would not have pled guilty. *Id.* The PCR Court found that the Petitioner's testimony regarding the alleged deficiencies of his plea counsel was not credible and that plea counsel's testimony was credible. (App. 78, 79.) Credibility determinations such as these are factual determinations by the PCR court and as such, they are presumed to be correct absent clear and convincing evidence to the contrary. See 28 U.S.C. § 2254(e)(1) (2006); *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."). The Petitioner has failed to show any error in the factual findings by the PCR Court, much less clear and convincing evidence of error in connection with the credibility findings by the PCR Court. Accordingly, this ground should be dismissed.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 12) be GRANTED; and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

November 5, 2009
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).