IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Jamie L. McFadden, #261106, ) | C/A NO. 8:09-646-CMC-BHH |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Warden of Allendale Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On November 5, 2009, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on January 4, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. With the caveats noted below, the court adopts the Report and incorporates it by reference in this order.

Petitioner raises several objections to the Report. First, Petitioner argues that the "presumption of correction accorded to state courts should be removed" because the state court "unreasonably" applied the law relating to his claims of ineffective assistance of counsel. Obj. at 2 (Dkt. # 22, filed Jan. 4, 2010). Petitioner offers no support for this conclusory statement, and it is therefore, rejected.

Two of Petitioner's objections relate to the Report's finding that two of Petitioner's grounds for relief were procedurally defaulted, and, therefore, the merits of these claims should not be considered by this court. Petitioner's default of these claims relates to his failure to file a motion for reconsideration pursuant to South Carolina Rule of Civil Procedure 59(e).

This court may not hear a section 2254 claim if a state court disposed of the claim on adequate and independent state-law grounds, unless the petitioner can show cause and prejudice for, or a fundamental miscarriage of justice resulting from, failure to comply with the applicable rule. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Bostick v. Stevenson*, 589 F.3d 160, 165 (4th Cir. 2009). This rule protects the state's interest in the finality of its judgments and promotes respect for the state-court system. *Coleman*, 501 U.S. at 750. For a state-law ground to be "adequate," though, it must be applied regularly or consistently. *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988);

*Brown v. Lee*, 319 F.3d 162, 169 (4th Cir. 2003). Where a procedural rule is inconsistently applied, a state's invocation of that rule is viewed as an effort "to thwart federal habeas review of constitutional issues that the 'adequacy' requirement was designed to prevent." *Brown*, 319 F.3d at 170.

In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit determined that as of the time of Bostick's state proceedings, "South Carolina Rule 59(e) was not consistently applied by the state's courts, and [ ] as a result, his failure to comply with the rule" did not prevent him from pursuing the merits of certain of his claims in a § 2254 petition. *Bostick*, 589 F.3d at 164. In *Marler v. State*, 653 S.E.2d 266 (S.C. 2007), the South Carolina Supreme Court had clarified that its previous failure to consistently apply Rule 59(e) was based upon "unique" circumstances, 653 S.E.2d at 267, and that these unique circumstances "do not change the general rule that issues which are not properly preserved will not be addressed on appeal." *Id*.

Petitioner's PCR application was denied by order filed May 7, 2008. The South Carolina Supreme Court denied Petitioner' petition for writ of certiorari on February 4, 2009. These dates are beyond the date on which the South Carolina Supreme Court clarified its enforcement of Rule 59(e) in *Marler*. However, the South Carolina Supreme Court's use of qualifying language in *Marler* (noting "the *general* rule that issues which are not properly preserved will not be addressed on appeal[,]" *Marler*, 653 S.E.2d at 267 (emphasis added)) and the Fourth Circuit's *Bostick* decision (finding that "at the time [Bostick's] case was decided, the state courts did not distinguish, in any principled way, those cases in which it would apply the rule from those in which it would not[,]" *Bostick*, 589 F.3d at 165) both leave open the question of whether failure to file a South Carolina Rule 59(e) motion in this, or in any other case, precludes this court's consideration of the merits of

3

Petitioner's claims. However, even assuming that after *Marler* failure to file a South Carolina Rule 59(e) motion does not operate to preclude this court's full consideration of Petitioner's claims, all grounds for relief raised by Petitioner fail on their merits.

### FIRST GROUND FOR RELIEF

Petitioner's first ground for relief relates to his attorney's alleged ineffectiveness regarding Petitioner's possession of "crack" cocaine charge. Petitioner admitted during his plea colloquy that he possessed the drugs, and made no objection when his attorney indicated that he (Petitioner) was found to be in possession of a small amount of "crack" cocaine when he was arrested. The unsupported contentions in his PCR application and habeas petition that the "crack" was not found on his person, but rather in a co-defendant's vehicle, fail to provide any evidence of his contentions. Petitioner's contention in his objections that "all of the parties arrested" were charged with this offense makes no difference in this regard. *See* Obj. at 2.

### SECOND GROUND FOR RELIEF

Petitioner's next objection goes to his attorney's alleged failure to argue for a plea to a lesser-included offense on the armed robbery charge. He contends that the state PCR court ruled on this issue in its order of dismissal, and cites pages 77 through 79 of the Order of Dismissal. (Dkt. # 11-7 at 79-81, filed June 25, 2009). This portion of the Order of Dismissal goes to counsel's overall effectiveness regarding the entry of Petitioner's guilty plea, but does not specifically address the issue raised by Petitioner here; that is, that counsel should have argued for a plea to a lesser-included offense.

The court agrees with Respondent's position that this claim is without merit. Petitioner's armed robbery plea was based on accomplice liability under "the hand of one is the hand of all."

Petitioner admitted during his plea that he knew they entered the pawn shop to rob it, and he knew his co-defendant had a weapon. His presence during the robbery precludes the separate offense of accessory before the fact, and he therefore was guilty of armed robbery as a principal, whether he possessed the gun or not. *See State v. Batchelor*, 661 S.E.2d 58. 60 (S.C. 2008); *State v. Crowe*, 188 S.E.2d 379 (S.C. 1972).

### THIRD GROUND FOR RELIEF

Petitioner's last objection is without merit, as he makes conclusory assertions that problems existed relating to the grand jury's formulation of his indictment. These contentions, however, do not make any showing how the state PCR court's ruling on this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or [ ] resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (plurality opinion) (discussing § 2254(d)).

### CONCLUSION

For the reasons noted above, Respondent's motion for summary judgment is **granted** and this matter is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY[1]

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a

---

[1] On December 1, 2009, the Rules Governing Section 2254 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254 Rule 11(a).

substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 1, 2010

C:\Documents and Settings\nac60\Desktop\09-646 Order.wpd